UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUANE ALBER, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No.: 1:21-cv-2030 |
| ARROW CONTAINER, LLC, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Duane Alber ("Plaintiff" or "Mr. Alber"), by counsel, for his Complaint and Demand for Jury Trial against Defendant, Arrow Container, LLC ("Defendant" or the "Company"), alleges and states as follows:

## I. INTRODUCTION

1. This case arises out of Defendant's failure to pay Mr. Alber overtime wages. Defendant employed Mr. Alber as a maintenance associate or maintenance tech and misclassified him as an exempt employee. Throughout Mr. Alber's employment, Defendant has failed to pay him overtime pay as required by the Fair Labor Standards Act ("FLSA").

## II. PARTIES

2. Mr. Alber resides at 8698 North CR 650 East, Brownsburg, Indiana, which is located in Henricks County, Indiana.

3. At all relevant times, Mr. Alber worked in the position of maintenance associate or maintenance tech for Defendant and was a misclassified exempt employee.

4. Defendant is an Indiana limited liability company with its principal office located at 5343 Commerce Square Drive, Indianapolis, Indiana 46237.

5. According to information maintained by the Indiana Secretary of State, Defendant's registered agent is James R. LaSarre, 5343 Commerce Square Drive, Indianapolis, Indiana 46237.

6. At all relevant times, Defendant was an employer within the meaning of the FLSA.

### III.  JURISDICTION AND VENUE

7. This Court has jurisdiction over Mr. Alber's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 207(e).

8. Venue is proper because Defendant's principal place office address is located in this District and the employment practices alleged to be unlawfully committed occurred within this District.

### IV.  GENERAL FACTUAL ALLEGATIONS

9. In or around October 2016, Defendant offered, and Mr. Alber accepted the position of maintenance associate or maintenance tech. Mr. Alber resigned his position on July 10, 2021.

10. Throughout the entirety of his employment, Defendant misclassified Mr. Alber's position as salaried and exempt from the FLSA's overtime requirements.

11. Mr. Alber worked for the Company from October 2016 to July 10, 2021 in the same role.

12. Mr. Alber's job duties primarily consisted of machine repair for about ninety (90) percent of his shift and recording work orders, cleaning, and organizing for about ten (10) percent of his shift.

13. Mr. Alber did not have any duties related to hiring, firing, disciplining, providing performance evaluations or managing other employees.

14. Mr. Alber was one (1) of five (5) maintenance associates.

15. Mr. Alber's position was in the Defendant's maintenance department, and he reported directly to the maintenance manager of that department.

16. Mr. Alber's shift typically began at 2:00 pm and the end time varied depending on Defendant's needs.

17. Mr. Alber was able to check the end time of each shift he worked because at the end of each day he emailed a recap of his day in order to let the Defendant know what he did on each particular day.

18. Mr. Alber emailed his recap within fifteen (15) minutes of leaving each day he worked.

19. Mr. Alber consistently worked more than forty (40) hours each week.

20. For example, in 2020, Mr. Alber averaged fifty (50) hours per week and in 2021 he worked approximately sixty (60) hours per week.

21. Despite the number of overtime hours that Mr. Alber consistently worked, Defendant never paid Mr. Alber any overtime wages.

22. The FLSA requires employers to compensate non-exempt employees who work over forty (40) hours per workweek at least one and one half (1.5) times their regular hourly rate.

23. Mr. Alber's job title and job duties did not qualify him for any of the FLSA exemptions from the payment of overtime wages.

24. Defendant violated the FLSA by not paying Mr. Alber overtime wages.

25. Because Defendant's violations of the FLSA have been willful, a three (3) year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. § 255(a).

## COUNT I
(*FLSA—Failure to Pay Overtime Wages*)

26. All preceding paragraphs are incorporated herein by reference.

27. Defendant was required to pay Mr. Alber overtime wages for all hours worked in excess of 40 hours in a workweek.

28. Defendant failed to pay Mr. Alber overtime wages for each hour worked in excess of forty (40) hours in a workweek.

29. Defendant has not made a good faith effort to comply with the FLSA with respect to Mr. Alber's compensation.

30. Defendant's unlawful conduct was willful and intentional and/or was not in good faith.

31. As a result of Defendant's violation of the FLSA, Mr. Alber has suffered damages by being denied overtime wages in accordance with the FLSA, and he is entitled to recover such unpaid overtime wages, liquidated damages, prejudgment and post judgment interest, and reasonable attorneys' fees and costs.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

A. Judgment against Defendant for an amount equal to Plaintiff's unpaid overtime wages at the applicable overtime rate for each hour worked over forty (40) hours;

B. Judgment against Defendant that their violations of the FLSA were willful;

C. An equal amount to the unpaid overtime wages as liquidated damages;

D. Prejudgment and post judgment interest;

E. All costs incurred and reasonable attorneys' fees for prosecuting these claims; and

F. Fur such further relief as the Court deems just and equitable.

Respectfully submitted,

*s/Kimberly D. Jeselskis*
Kimberly D. Jeselskis, Attorney No. 23422-49
MacKenzie Johnson, Attorney No. 36139-32
JESELSKIS BRINKERHOFF AND JOSEPH, LLC
320 North Meridian Street, Suite 428
Indianapolis, IN 46204
Telephone:  (317) 220-6290
Facsimile:  (317) 220-6291
kjeselskis@jbjlegal.com
mjohnson@jbjlegal.com

*Counsel for Plaintiff Duane Alber*

## **TRIAL BY JURY**

Plaintiff, Duane Alber, demands trial by jury on all issues so triable.

Respectfully submitted,

*s/Kimberly D. Jeselskis*
Kimberly D. Jeselskis, Attorney No. 23422-49
MacKenzie Johnson, Attorney No. 36139-32
JESELSKIS BRINKERHOFF AND JOSEPH, LLC
320 North Meridian Street, Suite 428
Indianapolis, IN 46204
Telephone:  (317) 220-6290
Facsimile:  (317) 220-6291
kjeselskis@jbjlegal.com
mjohnson@jbjlegal.com

*Counsel for Plaintiff Duane Alber*